IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL ANTHONY ALLEN,

      **Plaintiff,**

      v.                                                         CASE NO. 24-3057-JWL

FACEBOOK., et al.,

      **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Michael Anthony Allen is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**1. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff filed a motion for leave to proceed in forma pauperis, but failed to provide the financial information required by 28 U.S.C. § 1915(a)(2). Therefore, the Court issued a Notice of Deficiency (Doc. 4) ("NOD") granting Plaintiff until May 17, 2024, to supply the missing information. The Court provisionally grants Plaintiff leave to proceed in forma pauperis. Plaintiff must still supply the missing financial information by the deadline in the NOD.

Plaintiff's Complaint is largely incomprehensible and appears to bring claims against various social media companies. Plaintiff seems to allege that he was exposed to "illegal A.I." emissions when he started hearing voices in 2019. (Doc. 1, at 2.) He suggests that social media platforms used "human induced psychosis in 2021 that cause thought of suicide in 2021." *Id*. Plaintiff claims that "emitter technology can be linked to human frequency that cause human

1

induced psychosis a wifi technology little black box technology ultra sound beam air technology that has side effect of thought of suicide self harm if not suicide the illegal A.I. can lead to human death." *Id*. at 4.  Plaintiff alleges that this has led to stalking and bullying through the company wifi and frequency targeting with illegal A.I.  *Id*. at 5.

Plaintiff names as defendants:  Facebook; Meta; Instagram; Twitter; Mark Zuckerberg; and Michael Zuckerberg.  For relief, Plaintiff seeks:  compensation; an apology; to have the FBI stop social media from using illegal artificial intelligence; to be taken out of the Kansas Department of Corrections' "wifi and frequency and social media wifi and frequency." *Id*. at 6.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff states that he is bringing his claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted).

Plaintiff fails to plausibly claim that any of the Defendants are state actors. *See Bethune v. Facebook Inc.*, 2021 WL 5182246, at *2 (D. Minn. Oct. 15, 2021) ("Neither Facebook nor Zuckerberg is alleged, or can plausibly be alleged, to be a 'state actor' within the meaning of § 1983.") (citing *see Prager Univ. v. Google LLC*, 951 F.3d 991, 997 n.3 (9th Cir. 2020) (collecting cases for proposition that private social-media companies such as and including Facebook are not state actors for purposes of § 1983).

"Federal courts have uniformly rejected attempts to treat . . . social media companies as state actors under Section 1983." *Rutenburg v. Twitter, Inc.*, 2021 WL 1338958, at *2 (N.D. Cal. 2021) ("It is undisputed that Twitter is a private company.") (citing *see, e.g.*, *Prager Univ. v. Google LLC*, No. 17-CV-06064-LHK, 2018 WL 1471939, at *8 (N.D. Cal. Mar. 26, 2018), *aff'd*,

951 F.3d 991 (9th Cir. 2020) (concluding that YouTube did not perform a public function simply by hosting speech on a private digital-video platform for the public); *Howard v. AOL*, 208 F.3d 741, 754 (9th Cir. 2000) (finding no subject-matter jurisdiction for a Section 1983 claim because AOL was not a state actor, even if it allegedly acted as a "quasi-public utility" that involves "a public trust."); *Ebeid v. Facebook, Inc.*, No. 18-CV-07030-PJH, 2019 WL 2059662, at *6 (N.D. Cal. May 9, 2019) (rejecting the argument that Facebook was a state actor because it allegedly regulated speech in a public forum); *Nyabwa v. Facebook*, No. 2:17-CV-24, 2018 WL 585467, at *1 (S.D. Tex. Jan. 26, 2018) (finding that the plaintiff had failed to state a First Amendment claim because Facebook was not the government); *Shulman v. Facebook.com*, No. CV 17-764 (JMV), 2017 WL 5129885, *4 (D.N.J. Nov. 6, 2017) (rejecting the plaintiff's constitutional claims against Facebook because Facebook was not a state actor); *Kinderstart.com LLC v. Google, Inc.*, No. C06-2057 JFRS, 2007 WL 831806, *13–15 (N.D. Cal. Mar. 16, 2007) (rejecting arguments that Google was a state actor for constitutional claims); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 631–32 (D. Del. 2007) (ruling that Google is a private entity not subject to the plaintiff's constitutional claims); and *Cyber Promotions, Inc. v. Am. Online, Inc.*, 948 F. Supp. 436, 442 (E.D. Pa. 1996) (concluding that AOL "does not stand in the shoes of the State")); *see also Medina v. Facebook, Meta Platforms, Inc.*, 2023 WL 8234586, at *2 (M.D. Fla. Nov. 28, 2023) (finding that plaintiff failed to allege a state actor when suing the owner of Facebook and Facebook, a publicly traded company). Furthermore, "a social media company[] does not become a state actor based solely on the availability of its social media network to the public. . .." *McWaters v. Houston*, 2022 WL 395309, at *11 (M.D. Ala. Feb. 8, 2022) (citations omitted).

Not only has Plaintiff failed to name a state actor, but his claims also appear to be frivolous. "A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Manco v.*

*Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  The Tenth Circuit in *Manco* held that:

> The district court also did not abuse its discretion when it held Manco's claims related to the alleged tracking device were frivolous. Manco's theory that numerous state officials monitor his thoughts and send him inaudible, profane messages is not supported by any evidence. Manco provides citations to various patents and secondary literature that describe tracking devices. Even if, for the sake of argument, this court assumes that such devices exist, Manco fails to provide evidence that officials implanted a device in his body, nor does he give a plausible motive for state officials to embark on such an endeavor. We agree with the district court that Manco's tracking device claims are frivolous. *See Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (describing frivolous claims as "fanciful," "fantastic," and "delusional," and holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

*Id*.

Plaintiff should show good cause why his Complaint should not be dismissed as frivolous and for failure to name a state actor.

**IV. Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel, arguing that he has no family support, no job, and no access to information on lawyers or their phone numbers. (Doc. 3, at 3–4.)

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that

there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court has found that the Complaint is subject to dismissal as frivolous and for failure to name a state actor.  The Court therefore denies the motion for appointment of counsel.

## V. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **provisionally granted**.  Plaintiff must comply with the Court's NOD at Doc. 4 by **May 17, 2024.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 24, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated April 25, 2024, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**