IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL ANTHONY ALLEN,

    **Plaintiff,**

v.                                                                                           CASE NO. 24-3057-JWL

FACEBOOK., et al.,

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. On April 25, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 8).

The Court found in the MOSC that Plaintiff's Complaint is largely incomprehensible and appears to bring claims against various social media companies. Plaintiff seems to allege that he was exposed to "illegal A.I." emissions when he started hearing voices in 2019. (Doc. 1, at 2.) He suggests that social media platforms used "human induced psychosis in 2021 that cause thought of suicide in 2021." *Id*. Plaintiff claims that "emitter technology can be linked to human frequency that cause human induced psychosis a wifi technology little black box technology ultra sound beam air technology that has side effect of thought of suicide self harm if not suicide the illegal A.I. can lead to human death." *Id*. at 4. Plaintiff alleges that this has led to stalking and bullying through the company wifi and frequency targeting with illegal A.I. *Id*. at 5.

Plaintiff names as defendants: Facebook; Meta; Instagram; Twitter; Mark Zuckerberg; and Michael Zuckerberg. For relief, Plaintiff seeks: compensation; an apology; to have the FBI stop

1

social media from using illegal artificial intelligence; to be taken out of the Kansas Department of Corrections' "wifi and frequency and social media wifi and frequency." *Id*. at 6.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted).

The Court found in the MOSC that Plaintiff fails to plausibly claim that any of the Defendants are state actors. *See Bethune v. Facebook Inc.*, 2021 WL 5182246, at *2 (D. Minn. Oct. 15, 2021) ("Neither Facebook nor Zuckerberg is alleged, or can plausibly be alleged, to be a 'state actor' within the meaning of § 1983.") (citing *see Prager Univ. v. Google LLC*, 951 F.3d 991, 997 n.3 (9th Cir. 2020) (collecting cases for proposition that private social-media companies such as and including Facebook are not state actors for purposes of § 1983).

The Court found that not only has Plaintiff failed to name a state actor, but his claims also appear to be frivolous. "A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed as frivolous and for failure to name a state actor. In his response, Plaintiff continues to argue that the defendant social media companies are using "sound beaming" to harass Plaintiff. (Doc. 8, at 1.) Plaintiff argues that the companies conduct a public service to the community. *Id*. Plaintiff also alleges that his mail to the FBI and news outlets was tampered with, because "social media

did not want the FBI to know" about the sound beaming being used as a spying device and social media is "infringing on all USPS Postal Routes." *Id.* at 11, 18.

Plaintiff has failed to show good cause why his Complaint should not be dismissed as frivolous and for failure to name a sate actor. "Federal courts have uniformly rejected attempts to treat . . . social media companies as state actors under Section 1983." *Rutenburg v. Twitter, Inc.*, 2021 WL 1338958, at *2 (N.D. Cal. 2021) ("It is undisputed that Twitter is a private company.") (citing *see, e.g.*, *Prager Univ. v. Google LLC*, No. 17-CV-06064-LHK, 2018 WL 1471939, at *8 (N.D. Cal. Mar. 26, 2018), *aff'd*, 951 F.3d 991 (9th Cir. 2020) (concluding that YouTube did not perform a public function simply by hosting speech on a private digital-video platform for the public); *Howard v. AOL*, 208 F.3d 741, 754 (9th Cir. 2000) (finding no subject-matter jurisdiction for a Section 1983 claim because AOL was not a state actor, even if it allegedly acted as a "quasi-public utility" that involves "a public trust."); *Ebeid v. Facebook, Inc.*, No. 18-CV-07030-PJH, 2019 WL 2059662, at *6 (N.D. Cal. May 9, 2019) (rejecting the argument that Facebook was a state actor because it allegedly regulated speech in a public forum); *Nyabwa v. Facebook*, No. 2:17-CV-24, 2018 WL 585467, at *1 (S.D. Tex. Jan. 26, 2018) (finding that the plaintiff had failed to state a First Amendment claim because Facebook was not the government); *Shulman v. Facebook.com*, No. CV 17-764 (JMV), 2017 WL 5129885, *4 (D.N.J. Nov. 6, 2017) (rejecting the plaintiff's constitutional claims against Facebook because Facebook was not a state actor); *Kinderstart.com LLC v. Google, Inc.*, No. C06-2057 JFRS, 2007 WL 831806, *13–15 (N.D. Cal. Mar. 16, 2007) (rejecting arguments that Google was a state actor for constitutional claims); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 631–32 (D. Del. 2007) (ruling that Google is a private entity not subject to the plaintiff's constitutional claims); and *Cyber Promotions, Inc. v. Am. Online, Inc.*, 948 F. Supp. 436, 442 (E.D. Pa. 1996) (concluding that AOL "does not stand in

the shoes of the State")); *see also Medina v. Facebook, Meta Platforms, Inc.*, 2023 WL 8234586, at *2 (M.D. Fla. Nov. 28, 2023) (finding that plaintiff failed to allege a state actor when suing the owner of Facebook and Facebook, a publicly traded company).  Furthermore, "a social media company[] does not become a state actor based solely on the availability of its social media network to the public. . .."  *McWaters v. Houston*, 2022 WL 395309, at *11 (M.D. Ala. Feb. 8, 2022) (citations omitted).

Plaintiff filed a motion (Doc. 9) seeking additional time to submit his initial partial filing fee.  The Court received Plaintiff's initial fee on May 10, 2024.  Therefore, the motion is denied as moot.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** as frivolous and for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. 9) seeking additional time to submit his initial partial filing fee is **denied as moot.**

**IT IS SO ORDERED**.

**Dated May 15, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE