IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL ANTHONY ALLEN,

    **Plaintiff,**

v.                                                  CASE NO. 24-3057-JWL

FACEBOOK., et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. On April 25, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court considered Plaintiff's response (Doc. 8), and on May 15, 2024, dismissed this matter as frivolous and for failure to state a claim. (Docs. 11, 12.) This matter is before the Court on Plaintiff's Motion to Reconsider (Doc. 13).

The Court found in the MOSC that Plaintiff's Complaint is largely incomprehensible and appears to bring claims against various social media companies. Plaintiff seems to allege that he was exposed to "illegal A.I." emissions when he started hearing voices in 2019. (Doc. 1, at 2.) He suggests that social media platforms used "human induced psychosis in 2021 that cause thought of suicide in 2021." *Id*. Plaintiff claims that "emitter technology can be linked to human frequency that cause human induced psychosis a wifi technology little black box technology ultra sound beam air technology that has side effect of thought of suicide self harm if not suicide the illegal A.I. can lead to human death." *Id*. at 4. Plaintiff alleges that this has led to stalking and bullying through the company wifi and frequency targeting with illegal A.I. *Id*. at 5.

The Court found in the MOSC that Plaintiff not only failed to name a state actor, but his claims also appear to be frivolous. "A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Because Plaintiff's motion to reconsider was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012.

In his motion to reconsider, Plaintiff argues that he has evidence to show that the defendant social media companies have harassed him through A.I. sound beaming technology. (Doc. 13, at 1–2.) He also continues to argue that the recipients of his mail were targeted by A.I. to keep Plaintiff from informing government authorities and news outlets about the sound beaming. *Id*. at 11 ("All government parties have been expose[d] to a cyber invasion of a hacking information source . . . . [a]ll employees of all government parties are being exposed to [] AI that is hacking information.") Plaintiff continues to make the same arguments that the Court found to be frivolous.

2

Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff has failed to show an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its May 15, 2024 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Reconsider (Doc. 13) is **denied.**

**IT IS SO ORDERED**.

**Dated May 22, 2024, in Kansas City, Kansas.**

        **S/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**